IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CASCADES COMPUTER INNOVATION, LLC., <br><br> Plaintiff, <br><br> v. <br><br> HYNIX SEMICONDUCTOR INC. <br><br> Defendant. | Civil Action No. 11-cv-04356 |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff, Cascades Computer Innovation, LLC. ("Cascades") alleges the following:

### PARTIES

1. Cascades is an Illinois limited liability company having its principal place of business at 500 Skokie Boulevard, Suite 350, Northbrook, IL 60062.

2. Defendant Hynix Semiconductor Inc. ("HSI") is a Korean corporation headquartered at San 136-1, Ami-Ri, Bubal-eup, Icheon-si, Gyeonggi-Do, 467-866, Korea.

### JURISDICTION

3. Cascades' claim for patent infringement against HSI ("defendant") arises under the patent laws of the United States, including 35 U.S.C. §§271 and 281. Consequently, this Court has original subject matter jurisdiction over this suit pursuant to 28 U.S.C. §§1331 and 1338

5. Defendant is subject to the specific and general personal jurisdiction of this Court because, among other things, they have established continuous and systematic contacts with Illinois and with this judicial district, they have committed acts within Illinois and this judicial district giving rise to this action, and they have minimum contacts with the forum such that the exercise of jurisdiction over the defendant would not offend traditional notions of fair play and

substantial justice. For instance, the defendant has established distribution networks placing products that infringe Cascades' patent into the stream of commerce such that those products flow into Illinois and this district. Defendant has also committed acts of patent infringement and/or induced or contributed to others' acts of patent infringement within this district.

6. Venue is proper under 28 U.S.C. §§ 1391 and/or 1400(b).

## PATENTS AT ISSUE

7. On April 2, 2002, United States Patent No. 6,366,130 (the "'130 patent"), entitled "High Speed Low Power Data Transfer Scheme," was duly and legally issued by the United States Patent and Trademark Office. Cascades owns the exclusive license and right to sue for past, present and future infringement of the '130 patent.

8. HSI is now and has been infringing, contributorily infringing, and/or inducing infringement of the '130 patent, literally and under the doctrine of equivalents, by, among other things, making, using, offering to sell, selling, and/or importing products that infringe one or more claims of the '130 patent. Such infringing products include, but are not limited to, DRAM memory products such as HSI's DDR3 products. An example infringing product is HSI's DDR SDRAM model number HYSDU281622FTP.

9. HSI was aware of the '130 patent at least as early as May 20, 2011, when Cascades demonstrated to HSI that certain HSI products infringed the '130 patent. HSI nevertheless continued its infringing activities despite knowing that there was at least an objectively high likelihood that its actions constituted infringement of the '130 patent. HSI's infringement is thus deliberate and willful.

10. Cascades has been and continues to be damaged by HSI's action in an amount yet to be determined.

- 3 -

**PRAYER FOR RELIEF**

WHEREFORE, Cascades prays for the following relief:

1. A judgment finding that HSI has infringed, contributorily infringed, and/or induced infringement of the '130 patent;

2. A judgment that the '130 patent is valid and enforceable;

3. A judgment that HSI has willfully infringed the '130 patent, and that Cascades is entitled to refief provided by 35 U.S.C. § 284;

4. A permanent injunction enjoining HSI, their agents, officers, assigns and others acting in concert with them from infringing, inducing infringement of, and/or contributing to infringement of the '130 patent;

5. An award of damages adequate to compensate Cascades for the infringement of the '130 patent that has occurred;

6. An award of pre-judgment interest and post-judgment interest on the damages awarded;

7. A determination that this is an exceptional case and an award of Cascades' attorney's fees pursuant to 35 U.S.C. §285 and any other applicable statute or law, and an award of Cascades' of its costs; and,

8. Such other relief as the Court deems equitable under the circumstances.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues triable to a jury.

/s/ Raymond P. Niro
Raymond P. Niro (rniro@nshn.com)
Arthur A. Gasey (gasey@nshn.com)
Paul C. Gibbons (gibbons@nshn.com)
NIRO, HALLER & NIRO
181 W. Madison, Suite 4600
Chicago, IL 60602
(312) 236-0733
Fax: (312) 236-3137

Attorneys for Cascades Computer Innovation, LLC