# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan H. Lefkow | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 4356 | **DATE** | 5/25/2012 |
| **CASE TITLE** | Cascades Computer Innovation, LLC vs. SK hynix Inc. | | |

**DOCKET ENTRY TEXT**

Defendant's renewed motion for a stay [#37] is granted. This case is stayed until September 25, 2013 or until further order of the court. Status hearing set for 9/25/2012 at 8:30 a.m. See statement below.

■[ For further details see text below.]   Docketing to mail notices.

## STATEMENT

     Plaintiff Cascades Computer Innovation, LLC ("Cascades") filed suit against defendant SK hynix Inc. ("Hynix")[1] on June 27, 2011, alleging that Hynix infringes Cascades's patent no. 6,366,130 (the "'130 patent"). The '130 patent involves a high speed and low power data transfer arrangement for circuits. It has eight claims. *See* Ex. A to Def.'s First Mot. for Stay.

     After Cascades initiated this action, Hynix discovered three prior art references which were not considered during the prosecution of the '130 patent and which, according to Hynix, called the validity of several claims of the '130 patent into question. On January 19, 2012, Hynix filed a request for *inter partes* reexamination of claims 1–3 and 5–7 of the '130 patent. The request was based on the three prior art references. The U.S. Patent and Trade Office ("PTO") granted in part and denied in part the *inter partes* reexamination on March 2, 2012. The PTO granted reexamination of claims 1–2 and 5–7, concluding that Hynix has "a reasonable likelihood of prevailing" on those claims because they were anticipated by the Hardee reference. Ex. E to Def.'s First Mot. to Stay at 5. The PTO denied the request for reexamination of claim 3 altogether and denied the request for reexamination of claims 1–2 and 5–7 based on the Koyangi and Fujii references. *Id.*

     Hynix moved to stay these proceedings pending the outcome of the PTO's reexamination on March 22, 2012. Dkt. #32. The court denied Hynix's motion in open court, citing concerns about undue delay due to a potentially lengthy reexamination process. Hynix has now filed a renewed motion to stay these proceedings for only sixteen months. Dkt. #37. If the PTO has not made substantial progress by the end of the sixteen month period, Hynix agrees that the litigation should proceed.

     District courts have the "inherent power to manage their dockets and stay proceedings, including the authority to order a stay pending conclusion of a PTO reexamination." *Ethicon, Inc.* v. *Quigg*, 849 F.2d 1422, 1427 (Fed. Cir. 1988) (citations omitted); *see also Tex. Indep. Producers & Royalty Owners Ass'n* v. *EPA,* 410 F.3d 964, 980 (7th Cir. 2004). Courts generally consider three factors in determining whether a stay should be granted: (1) whether the stay will cause undue prejudice and present a clear tactical

| STATEMENT |
|---|

disadvantage to the nonmoving party, (2) whether the stay will result in a simplification of the issues, and (3) what stage the litigation is at. *See, e.g.*, *Genzyme Corp.* v. *Cobrek Pharms., Inc.*, No. 10 CV 112, 2011 WL 686807, at *1 (N.D. Ill. Feb. 17, 2011); *Panduit Corp.* v. *Chatsworth Prods., Inc.*, No. 04 C 4765, 2005 WL 577099, at *1 (N.D. Ill. Mar. 2, 2005).

     As to the first factor, there is no evidence that a sixteen month stay will cause undue prejudice to Cascades. Delay in litigation, without more, generally does not demonstrate undue prejudice. *Yodlee, Inc.* v. *Ablaise Ltd.*, No. C-06-07222 SBA, 2009 WL 112857, at *6 (N.D. Cal. Jan. 16, 2009). Cascades does not contest that it is a non-practicing entity and that it seeks only a monetary remedy. If Cascades ultimately prevails, it will be able to collect damages that accumulate during the stay, including interest, ameliorating the delay caused by the stay. *See Arrivalstar S.S.* v. *Canadian Nat'l Ry. Co.*, No. 08 C 1086, 2008 WL 2940807, at *2 (N.D. Ill. July 25, 2008). The stay requested by Hynix would be for a finite period of time and extension would be contingent upon the PTO's progress with the reexamination. Therefore the first consideration does not weigh against a stay. (The court notes, however, that filing data from the PTO shows that the median time between filing and certification of reexamination is 32.9 months – nearly double the length of the stay requested by Hynix. *See* Ex. G to Def.'s First Mot. for Stay at 2. Hynix will be required to show that the PTO has made substantial progress on the reexamination in order for the stay to be extended beyond sixteen months.)

     Regarding the second factor, it is likely that a stay will result in simplification of the issues. Cascades's initial infringement contentions are limited to claim 1 of the '130 patent. Although it is not certain that the PTO will invalidate or amend the claim, at the least the PTO's analysis of the prior art will simplify or facilitate resolution of the case, particularly where only one claim is at issue. *See JAB Distribs., LLC* v. *London Luxury, LLC*, No. 09 CV 5831, 2010 WL 1882010, at *4 (N.D. Ill. May 11, 2010).[2] The parties' exchange of information with the PTO may also narrow the relevant issues and facilitate early resolution of this case.

     Finally, the third factor weighs in favor a stay because this case is still in the early stages of litigation. The court entered an agreed scheduling order on February 7, 2012. The order contemplates that Hynix will file a motion to stay if the PTO agrees to reexamine the '130 patent, and therefore the filing of Hynix's motion on March 22 would not have come as a surprise to Cascades. Moreover, since the since the entry of the scheduling order, there have been no significant developments in this case. The parties have only exchanged initial disclosures, initial contentions, and first rounds of written discovery.

     Cascades offers little substantive opposition to Hynix's renewed motion for a stay. It first argues that the renewed motion should be rejected because it does not meet the stringent requirements for a motion to reconsider. The court's order denying Hynix's first motion for a stay is not a "judgment" subject to alteration pursuant to Rules 59(e) or 60(b), however. *See* Fed. R. Civ. P. 54(a) ("'Judgment' as used in these rules includes a decree and any order from which an appeal lies."). It is an interlocutory order that the court can reconsider "at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b). Moreover, the court may order a stay pursuant to its inherent power to manage its docket, *see Ethicon*, 849 F.2d at 1427–28, even *sua sponte*. *See Rogers* v. *Ameriprise Fin. Servs., Inc.*, No. 07 C 6876, 2008 WL 4826262, at *2 (N.D. Ill. Nov. 4, 2008); *Jackson* v. *Van Kampen Series Fund, Inc.*, No. 06 C 944, 2007 WL 1532090, at *2 (S.D. Ill. May 24, 2007). Cascades also argues that it is possible that its final infringement contentions will include additional claims from the '130 patent and therefore a stay would result in needless delay. Cascades raised this issue previously, when Hynix's motion was heard in court on April 26, 2012. Cascades represented that claim 3 of the '130 patent, which is not subject to reexamination, might be at issue in this case. The court instructed Cascades to explain why claim 3 could be brought into this case in its written response to Hynix's motion. Cascades's written response does not reference claim 3, much less demonstrate that the claim is subject to dispute. Because it appears that claim 1 is the only claim that is at issue in this case, and it is likely that the reexamination will greatly

**STATEMENT**

simplify the issues with minimal prejudice to the parties, the court grants Hynix's renewed motion for a stay.

1. The complaint names Hynix Semiconductor Inc. as the defendant. In March 2012, Hynix Semiconductor Inc. was renamed SK hynix Inc. The docket has been amended and SK hynix Inc. is now named as the defendant on the case caption of the court's docket.

2. The court notes that approximately eighty-nine percent of *inter partes* reexaminations result in a finding of invalidity or amendments to patent claims. Ex. G to Def.'s First Mot. for Stay at 2.